**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN R. WHITTINGTON, | Case No. 2:20-cv-00761-APG-VCF |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS SR., et al., | (ECF No. 14) |
| Respondents. | |

*Pro se* petitioner John R. Whittington, a Nevada state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 7. Whittington now moves for an extension of time to oppose the respondents' motion to dismiss his petition. ECF No. 14.

When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. Fed. R. Civ. P. 6(b)(1). After the deadline expires, the moving party must also show that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1. "'Good cause' is a non-rigorous standard," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), which primarily considers the diligence of the party seeking the extension. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993). To determine when neglect is excusable, the court takes "account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, and "conduct[s] the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); citing *Pioneer*, 507 U.S. at 395).

///

The respondents filed the motion to dismiss on October 8, 2020, ECF No. 11. Whittington's response was due by October 22, 2020, but he did not timely respond and the deadline expired. He must therefore establish both good cause and excusable neglect for an extension. His motion states that the COVID-19 pandemic has caused a lockdown and quarantine restrictions at the prison. He further represents that the law library has been closed to inmate access since March 2020 because of the pandemic, which caused a delay in acquiring legal materials, including the Local Rules of Practice that govern his response deadline.

Courts across the United States have recognized the "unprecedented magnitude of the COVID-19 pandemic." *United States v. Boatwright*, 2:19-cr-0301-GMN-DJA, 2020 WL 1639855, at *5 (D. Nev. Apr. 2, 2020). Indeed, the pandemic has delayed litigation in many cases in this district. As such, I am satisfied that Whittington's motion was filed in good faith. I find that the delay in this case, thus far, is minimal and will not have a significant impact on the proceedings. On the other hand, the court and the parties will benefit from receiving Whittington's response to the pending motion. There is no danger of prejudice to the respondents. Under these circumstances, Whittington's neglect is excusable.

I THEREFORE ORDER that petitioner John R. Whittington's Motion for Enlargement of Time **(ECF No. 14) is GRANTED**. Whittington has until February 1, 2020, to oppose the Motion to Dismiss (ECF No. 11).

Additionally, electronic filing is now mandatory at High Desert State Prison for all prisoner filings in all federal cases before this court, including civil rights and habeas corpus cases, in accordance with the court's Fifth Amended General Order 2012-01. Since Whittington is housed at High Desert State Prison, he must electronically file all future court documents, instead of mailing those documents to the Clerk of Court.

Dated: December 17, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE