# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN R. WHITTINGTON,

    Petitioner,

v.

BRIAN WILLIAMS SR., et al.,

    Respondents.

Case No. 2:20-cv-00761-APG-VCF

**ORDER**

(ECF No. 16)

Petitioner John R. Whittington, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus (ECF No. 7) under 28 U.S.C. § 2254. The respondents filed a motion to dismiss on October 8, 2020, which is currently pending for decision, along with state court record exhibits. ECF Nos. 11-13. In December 2020, after the deadline to respond to the respondents' motion to dismiss passed, Whittington moved for an extension of time to respond to the motion to dismiss. ECF No. 14. I granted him an extension of time until February 1, 2021, to respond to the motion to dismiss and I directed Whittington to file all future filings electronically rather than mailing them to the Clerk, per electronic filing procedures. ECF No. 15.

Whittington filed a letter stating that he received the respondents' exhibits "but not the response [sic] itself."[1] ECF No. 16. He requests a copy of the response, "instructions on anything else that I need to do in response [sic] to that," and "an update on a time schedule as well." *Id*. at 1. Whittington's request in his letter appear to be inconsistent with his earlier request for an extension of time to respond to the motion to dismiss. In his motion for extension of time, Whittington made no suggestion that he had not received the motion to dismiss, he merely sought more time to respond. Whittington further should note that his application to proceed *in forma pauperis* was denied, so he must pay for copies from the Clerk.

Out of an abundance of caution, however, I will direct the Clerk to send Whittington copies of the recent pertinent filings without charge and I will give Whittington another 30 days to respond

---

[1] Whittington sent the letter by mail, notwithstanding my directive that he file papers electronically.

to the motion to dismiss. If he fails to do so, the motion may be granted without further advance notice. Failure to timely respond to a motion to dismiss constitutes consent to the grant of the motion. This is Whittington's last chance to respond to the motion to dismiss. Neither the Clerk nor I provide instructions on how to respond to a motion to dismiss.

I THEREFORE ORDER:

1. The Clerk shall send the petitioner additional copies of ECF Nos. 11 and 15.

2. Whittington shall have thirty days from entry of this order to file electronically a response to the respondents' motion to dismiss. No requests for additional time will be considered, and if the petitioner again submits papers to the Clerk by mail rather than electronically, the papers may be stricken.

Dated: June 22, 2021

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE