UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN R. WHITTINGTON,

    Petitioner,

v.

BRIAN WILLIAMS SR., et al.,

    Respondents.

Case No. 2:20-cv-00761-APG-VCF

**ORDER**

(ECF No. 11)

Petitioner John R. Whittington, a Nevada state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 7. The respondents move to dismiss it. ECF No. 11.

A jury found Whittington guilty of extortion and coercion with immediate threat of force. Ex. 37.[1] In November 2015, Whittington was sentenced to two consecutive terms of 96 to 240 months. *Id.* The Nevada Court of Appeals affirmed the conviction on appeal. Ex. 58.

Whittington then filed a state habeas petition seeking post-conviction relief, which the state district court denied. Exs. 62, 71. The Supreme Court of Nevada affirmed the denial of his state habeas petition. Ex. 82. On April 27, 2020, Whittington dispatched his federal habeas petition, which alleges the following grounds for relief:

> **Ground 1:** The state district court erred by denying his motion to strike the jury panel based on a prospective juror's comment that allegedly violated his right to remain silent in violation of his Fifth, Sixth, and Fourteenth Amendment rights.
>
> **Ground 2:** Appellate counsel rendered ineffective assistance for failing to appeal the denial of his motion to strike the jury panel.

ECF No. 7.

The respondents move to dismiss Ground 1 as unexhausted or procedurally defaulted, arguing that Whittington failed to present this claim to the Nevada state courts on direct appeal. ECF No. 11. Although Whittington concedes that he did not present Ground 1 on direct appeal,

---

[1] The exhibits cited in this order, comprising the relevant state court record, can be located at ECF No. 12 to ECF No. 13 of the court's docket.

he argues that he asserted Ground 1 in his state post-conviction habeas petition. ECF No. 20 at 2. The respondents contend that the state district court denied Whittington's habeas petition noting that Whittington waived his claim by failing to raise it on direct appeal. ECF No. 21 at 3. The Supreme Court of Nevada affirmed the denial of Whittington's state petition but did not explicitly reference or discuss the underlying claim. *Id.* The respondents assert that the Supreme Court of Nevada should have denied the claim on procedural grounds as the application of Nevada Revised Statutes (NRS) § 34.810(1) is mandatory and the Ninth Circuit has found §34.810 is an adequate and independent state ground to support a procedural bar in federal habeas proceedings in non-capital cases. *Id.*

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Where the state courts deny a prisoner's habeas claim on independent and adequate state law grounds, that claim is "procedurally defaulted" for purposes of federal habeas review. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000) (bar applies if prisoner fails to meet a "state procedural requirement"). Nevada law prohibits state prisoners from seeking post-conviction relief in a petition for writ of habeas corpus where the grounds for the petition could have been raised in a direct appeal. NRS § 34.810(1)(b)(2). The Ninth Circuit has found

this statute to be an independent and adequate state procedural rule as applied to non-capital cases. *See, e.g.*, *Vang v. Nevada*, 329 F.3d 1069, 1073–74 (9th Cir. 2003).

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 722; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995).  To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012).  Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986).  To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

Whittington did not raise Ground 1 on direct appeal.  But he raised the same claim in his state habeas petition for the first time. Ex. 65 at 14.  The State argued that Whittington did not raise the claim on direct appeal and it was therefore waived under NRS 34.810(1)(b)(2). Ex. 66 at 8-9.  In its Findings of Fact and Conclusions of Law, the state district court agreed, finding the claim was waived because it was not raised on direct appeal. Ex. 71 at 3-4.  The Supreme Court of Nevada affirmed the denial of the post-conviction habeas petition but did not specifically address Whittington's claim that the district court erred by denying his motion to strike the jury panel based on a prospective juror's comment that allegedly violated his right to remain silent. Ex. 82.

Accordingly, the state district court's Findings of Fact and Conclusions of Law was the

last reasoned decision regarding Whittington's claim.² Under *Ylst v. Nunnemaker*, a rebuttable presumption applies "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." 501 U.S. 797, 803 (1991). *See also Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018) (the federal court "should 'look through' the unexplained decision to the last related state court decision that does provide relevant rationale" and "presume that the unexplained decision adopted the same reasoning").  As such, I must presume that the Supreme Court of Nevada summarily affirmed and adopted the district court's rejection of Whittington's claim as waived for failure to raise the claim on direct appeal under NRS § 34.810(1)(b)(2).  Whittington has not presented meritorious grounds for cause and prejudice.  Ground 1 is, therefore, procedurally defaulted and is barred from consideration.

I THEREFORE ORDER that the respondents' Motion to Dismiss (**ECF No. 11**) is **GRANTED**.  Ground 1 is procedurally defaulted and dismissed from this action.

I FURTHER ORDER the respondents to file an answer to the petition by **September 30, 2021**.  The answer must include substantive arguments on the merits as to each surviving claim. In filing the answer, the respondents must comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Whittington will have 60 days following service of the answer to file and serve a reply brief.

Dated: July 27, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

² The Supreme Court of Nevada considered and denied on the merits Whittington's claim that his counsel rendered ineffective assistance for failing to appeal the denial of his motion to strike the jury panel based on the potential juror's comment. Ex. 82 at 4-5.  The court held that Whittington did not show a reasonable probability of success on appeal and that his arguments lacked merit. *Id.*