UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN R. WHITTINGTON,<br><br>    Petitioner,<br>v.<br>BRIAN WILLIAMS SR.[1], et al.,<br><br>    Respondents. | Case No. 2:20-cv-00761-APG-VCF<br><br>**ORDER**<br>(ECF No. 7) |

Petitioner John R. Whittington, a Nevada prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 7. For the reasons discussed below, I deny the petition and a certificate of appealability.

**I. Background**[2]

Whittington challenges a 2015 conviction by jury trial of extortion and coercion with immediate threat of force. ECF No. 12-37, Ex. 37. In November 2015, the state district court sentenced Whittington to two consecutive terms of 96 to 240 months. *Id.* The Nevada Court of Appeals affirmed the judgment of conviction on appeal. ECF No. 13-16, Ex. 58.

Whittington then filed a state habeas petition seeking post-conviction relief, which the court denied following an evidentiary hearing. ECF Nos. 13-20, 13-29, Exs. 62, 71. The Supreme Court of Nevada affirmed the denial of his state habeas petition. ECF No. 13-40, Ex.

---

[1] It appears from the state corrections department's inmate locator page that the petitioner is incarcerated at the High Desert State Prison (HDSP). *See* https://ofdsearch.doc.nv.gov/form.php (retrieved June 2022 under identification number 1044442). The department's website reflects that Calvin Johnson is the warden of that facility. *See* https://doc.nv.gov/Facilities/HDSP_Facility/ (retrieved June 2022). At the end of this order, I direct the Clerk of the Court to substitute the petitioner's current immediate physical custodian, Calvin Johnson, as Respondent in place of Respondent Williams under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] I make no credibility findings or other factual findings regarding the truth or falsity of evidence or statements of fact in the state court. I summarize the factual assertions solely as background to the issues presented in the case, and I do not summarize all such material. No statement of fact made in describing statements, testimony, or other evidence in the state court constitutes a finding by me. Any absence of mention of a specific piece or category of evidence does not mean that I have overlooked it in considering the petition.

82. On April 27, 2020, Whittington dispatched his federal habeas petition. ECF No. 1-1. I granted the respondents' motion to dismiss finding Ground 1 procedurally defaulted. ECF No. 22.

## II. Legal Standard

### a. Review under the Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets forth the standard of review generally applicable in *habeas corpus* cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (first quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and then citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (simplified).

### b.  Standard for Evaluating an Ineffective Assistance of Counsel Claim

In *Strickland*, the Supreme Court propounded a two-prong test for analysis of ineffective assistance of counsel claims, requiring a petitioner to demonstrate that: (1) the counsel's "representation fell below an objective standard of reasonableness[;]" and (2) the counsel's deficient performance prejudices the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  The court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  It is the petitioner's burden to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687.  Additionally, to establish prejudice under *Strickland*, it is not enough for the petitioner to "show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, errors must be "so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable." *Id*. at 687.

After a state court adjudicates the ineffective assistance of counsel claim under *Strickland*, it is especially difficult to establish that the court's decision was unreasonable. *See Richter*, 562 U.S. at 104-05.  *Strickland* and § 2254(d) are each highly deferential, and when the two apply in tandem, review is doubly so. *See id.* at 105; *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

### III.  Discussion

Whittington alleges that his appellate counsel rendered ineffective assistance for failure to appeal the denial of his motion to strike the jury panel. ECF No. 7 at 5.  He asserts that during voir dire a prospective juror commented that she believed that if a defendant testified at trial that could open the door to admission of previous bad acts or other crimes even if irrelevant to the

case. *Id*. at 3. Based on the prospective juror's comment, trial counsel filed a motion to strike the jury panel, which the state trial court denied. *Id*. at 5. Whittington asserts that the prospective juror's comments were prejudicial and tainted the jury panel. *Id*.

In denying Whittington's post-conviction appeal, the Supreme Court of Nevada held:

> [Wi]th regard to appellant's argument that counsel should have appealed the denial of his motion to strike the panel based on a juror's comments regarding why a defendant might not testify, appellant did not show that the argument had a reasonable probability of success on appeal. *See Lamb v. State*, 127 Nev. 26, 37, 251 P.3d 700, 707 (2011) ("Decisions concerning the scope of voir dire and the manner in which it is conducted are reviewable only for abuse of discretion and draw considerable deference on appeal." (internal citation and quotation marks omitted)). Thus, we conclude that arguments pertaining to counsel's jury selection decisions have no merit.

ECF No. 13-40, Ex. 82 at 4-5. The Supreme Court of Nevada's rejection of Whittington's claim was neither contrary to nor an objectively unreasonable application of clearly established law as determined by the United States Supreme Court.

To prevail on his ineffective assistance of appellate counsel claim, Whittington must show his appellate counsel acted deficiently and "a reasonable probability that, but for his [appellate] counsel's" deficiency, Whittington "would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). When evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap. *See, e.g., Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Effective appellate advocacy requires weeding out weaker issues with less likelihood of success. The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason—because the omitted issue has little or no likelihood of success on appeal. *Id.*

It is axiomatic that the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors. *Irvin v. Dowd*, 366 U.S. 717, 222 (1961). At a minimum, juries must be comprised of competent and impartial persons. *See e.g. Smith v. Phillips*, 455 U.S. 209, 217 (1982) (stating that "due process means a jury capable and willing to

decide the issue solely on the evidence before it").

The Supreme Court of Nevada reasonably concluded that Whittington failed to demonstrate prejudice. Appellate counsel did not have a reasonable probability of success on appeal because the trial court did not abuse its discretion in denying the motion to strike the jury panel. *See generally Knowles v. Mirzayance*, 556 U.S. 111 (2009) (the law does not require counsel to raise every available non-frivolous defense). At the evidentiary hearing, appellate counsel testified that he considered the issue of the state court denying trial counsel's motion to strike the jury panel and decided not to raise it on appeal. ECF No. 13-28, Ex. 70 at 61. Appellate counsel further testified that, "[i]t was [his] understanding the defense asked the question. So the defense raised the issue that tainted the panel essentially. If the defense causes the error, I typically will not raise the issue unless it's a case I consider to be a close case." *Id*. Appellate counsel testified that he did not consider this a close case because the evidence of guilt was overwhelming. *Id*. at 67-68.

Other than the prospective juror's comment at the voir dire proceedings, no statements attributing crimes or criminal history to Whittington were made. *Id*. Further, review of the voir dire proceedings indicates that the jurors who actually sat could be fair and impartial. *See Ross*, 487 U.S. at 86 (any claim that the jury was not impartial must focus on the jurors who actually sat). Appellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit. Whittington failed to demonstrate that there was a reasonable probability that an appeal of the denial of the motion to strike the jury panel would have resulted in a different outcome. I therefore deny Whittington federal habeas relief.

**IV.     Certificate of Appealability**

This is a final order adverse to Whittington. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA). Therefore, I have *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002). A COA may issue only when the petitioner "has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this court's procedural ruling was correct. *Id.*  I find that a certificate of appealability is unwarranted.

**V.    Conclusion**

I THEREFORE ORDER as follows:

1. Petitioner John R. Whittington's Petition for Writ of Habeas Corpus (ECF No. 7) is DENIED.
2. A certificate of appealability is DENIED.
3. The Clerk of the Court is directed to substitute Calvin Johnson for respondent Williams, enter judgment accordingly, and close this case.

Dated: June 8, 2022

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE